# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:08-cv-553-RJC
# (3:06-cr-199)

| | |
|---|---|
| RAYMOND D. JONES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** comes before the Court on Petitioner's three Motions for Enlargement of Time (Doc. Nos. 11, 14 and 15); his Motion for Production of Transcripts (Doc. No. 12); and his Motion to Proceed Without Prepayment of Fees (Doc. No. 13).

On December 3, 2008, Petitioner filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, amended December 10, 2008. (Doc. Nos. 1 and 2). On October 13, 2010, Respondent filed its Answer to Petitioner's Motion and its own Motion for Summary Judgment. (Doc. Nos. 7 and 8, respectively). On October 14, 2010, the Court entered an Order and Notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the requirements of Federal Rule of Civil Procedure 56(e)(2) and of his obligation to respond to Respondent's Motion for Summary Judgment. (Doc. No. 10). Such Order and Notice directed Petitioner to file his response within thirty days, that is, on or before November 16, 2010. (Id. at 2). Instead of filing a response, Petitioner timely filed his first Motion for Enlargement of Time (Doc. No. 11), which was followed by the other above-noted Motions. Petitioner's Motions for Enlargement of Time and his IFP Motion all are predicated on his

Motion for Production of Transcripts.

Turning to the Motion for Production of Transcripts, Petitioner reports that he needs free copies of the transcripts from his Rule 11 and Sentencing hearings so that he can amend his Motion to Vacate and prepare his response to Respondent's Motion for Summary Judgment. (Doc. No. 12 at 1). Nonetheless, Petitioner's Motion for Production of Transcripts must be denied for two critical reasons.

First, Petitioner has failed to show that he is entitled to amend his Motion to Vacate. Rule 15 of the Federal Rules of Civil Procedure provides that if a party seeks to amend his pleading more than 21 days after he filed the original pleading or more than 21 days after the opponent has responded to that original pleading, he must either obtain written consent from his opponent or leave of court. Fed. R. Civ. P. 15(a)(1) and (2). Because Petitioner's Motion to Vacate was filed December 10, 2008 (Doc. No. 2), Respondent's Answer was filed October 13, 2010 (Doc. No. 7), and he does not indicate that Respondent has consented to his proposed amendment, Petitioner must obtain leave of Court in order to amend his Motion to Vacate. Petitioner has not filed a motion seeking leave to amend.

Furthermore, the Judgment imposing Petitioner's conviction and sentence was filed on December 12, 2007, and he did not directly appeal his case. Accordingly, Petitioner's limitations period under the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter the "AEDPA") expired one year and 14 days later on December 26, 2008. See Fed. R. App. P. 4(b)(1)(A)(I) (providing a 14-day period for noticing appeal in criminal case); 28 U.S.C. § 2255(f)(1) (providing one-year limitations period from the date on which a judgment becomes final); and Clay v. United States, 537 U.S. 522, 525 (2003) (announcing the principle that when no appeal is sought, a judgment becomes final for purposes of the AEDPA when the time for

2

filing such appeal expires). Thus, in order for the Court to grant Petitioner leave to amend, he would also have to demonstrate that his proposed claim is not time-barred.

Petitioner has failed to request leave to amend and he has failed to give the Court any indication of his proposed amendment. Inasmuch as the Court cannot conclude that Petitioner is entitled to amend his Motion to Vacate, such proposed amendment cannot provide a basis for giving him free copies of the requested transcripts.

Second, Petitioner has failed to show that the transcripts are necessary for resolving his claims. The law provides that an indigent federal habeas petitioner may receive free transcripts if the Court certifies that his "suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal." 28 U.S.C. § 753(f). As the Supreme Court explained in United States v. MacCollom, 426 U.S. 317, 326-27 (1976), federal inmates are not entitled to free transcripts for collateral attacks on their convictions absent some showing of a particularized need for the requested materials.

Petitioner claims that he needs the transcripts in order to prepare his response to Respondent's Motion for Summary Judgment, including his challenge to Respondent's version of the statements that he made during his Rule 11 proceeding. (Doc. No. 12 at 1). However, Petitioner reports that he is reluctant to bring such a challenge without having a copy of a transcript of that proceeding. (Id.). Notably, Petitioner fails to specifically indicate what information he believes he will glean from the requested documents.

Petitioner also asserts that Respondent has made numerous references to documents in its Answer but failed to include those documents with said Answer; therefore, it would be "fundamentally unfair" for Respondent to have access to those materials without providing free copies to him. (Id. at 3-6). Nevertheless, in the absence of Petitioner's showing a particularized

3

need for the transcripts, he cannot demonstrate any unfairness in his situation. Therefore, Petitioner's Motion for Production of Transcripts (Doc. No. 12) will be denied.

Turning next to Petitioner's IFP Motion (Doc. No. 13), the Court notes that there are no fees associated with filing a Motion to Vacate. Thus, inasmuch as Petitioner filed this Motion in order to establish his indigence for the purpose of obtaining free transcripts, the Court will dismiss Petitioner's IFP Motion (Doc. No. 13) as moot.

Last, Petitioner has filed three Motions for Enlargement of Time (Doc. Nos. 11, 14 and 15) seeking a 60-day extension in which to prepare his response to Respondent's Motion for Summary Judgment. (Doc. Nos. 11, 14 and 15). Again, such Motions are primarily based on Petitioner's attempt to secure free transcripts. However, because the Court denies Petitioner's Motion for Production of Transcripts, he will not need a 60-day extension of time in which to review the requested materials. Therefore, the Court denies Petitioner's first Motion for Enlargement of Time (Doc. No. 11) and dismisses his other two Motions as moot.

**IT IS, THEREFORE, ORDERED that:**

1. Petitioner's Motion for Production of Transcripts (Doc. No. 12) is **DENIED**;
2. Petitioner's Motion to Proceed Without Prepayment of Fees (Doc. No. 12) is **DISMISSED as moot**;
3. Petitioner's first Motion for Extension of Time (Doc. No. 11) is **DENIED**, and he is directed to file his response to Respondent's Motion for Summary Judgment within twenty days (20) of the entry of this Order;
4. Petitioner's second and third Motions for Enlargement of Time are **DISMISSED as moot**; and
5. **Petitioner is admonished that if he fails to comply with this Order, the Court**

**may dismiss his case without any further notice to him.**

Signed: December 15, 2011

Robert J. Conrad, Jr.
Chief United States District Judge