UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:08-cv-553-RJC
(3:06-cr-199)

| | |
|---|---|
| RAYMOND D. JONES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, which was amended December 10, 2008. (Doc. Nos. 1; 2). Respondent filed an Answer and Motion for Summary Judgment. (Doc. Nos. 7 ; 8). The Court ordered Petitioner to file a reply or submit evidence in response to the Government's Motion for Summary Judgment and he has not done so and the time to do so has expired. (Doc. No. 10). After reviewing Petitioner's Amended Motion, Respondent's Answer and Motion for Summary Judgment, the record in this matter in the underlying criminal case and the instant case, and the relevant law, the Court finds that Petitioner's Motion should be denied and dismissed and Respondent's Motion for Summary Judgment should be granted.

I.  **BACKGROUND**

On July 27, 2006, Petitioner and others were charged in a nine-count Bill of Indictment by the Grand Jury sitting for the Western District of North Carolina. (3:06-cr-199, Doc. No. 1). Petitioner and others were charged in Counts One and Four of the Indictment with a Hobbs Act

1

Conspiracy, in violation of 18 U.S.C. § 1951(a), for robbing a convenience store which was in the business of selling gasoline that traveled in interstate commerce, and robbing a grocery store which sold products that traveled in interstate commerce. Id. Counts Two and Five alleged Petitioner and one or more co-defendants knowingly and unlawfully obstructed interstate commerce by committing the robberies alleged in Counts One and Four, in violation of 18 U.S.C. § 1951. Count Three alleged Petitioner brandished a firearm during the commission of the robbery alleged in Count Two, in violation of 18 U.S.C. § 924(c)(1). Count Six alleged Petitioner aided and abetted others and carried a firearm during the commission of the robbery alleged in Count Five, in violation of 18 U.S.C. §§ 924 (c) and (c)(2). Count Eight alleged Petitioner was a felon-in-possession at the time of the robberies in violation of 18 U.S.C. § 922(g)(1). Id.

On December 11, 2006, Petitioner, while represented by counsel, entered into a Plea Agreement wherein he agreed to plead guilty to Counts Two, Three, and Five of the Indictment in return for Respondent's agreement to dismiss the remaining counts against him. (3:06-cr-199, Doc. No. 30). The following day Petitioner appeared with counsel before U.S. Magistrate Judge David C. Keesler and the Plea Agreement was accepted following a Rule 11 hearing. During the hearing Petitioner was placed under oath and examined at length by Magistrate Judge Keesler. Petitioner acknowledged he had received a copy of the Indictment and that he had reviewed the same with his attorney; that he understood the charges and the maximum possible penalties if convicted, including incarceration; that he understood he had a right to a trial by jury on all charges in the Indictment and that he could summon witnesses to testify on his behalf. Petitioner admitted that he understood that by pleading guilty he would waive his right to contest the charges and that at his sentencing hearing the Court would determine whether there was a factual

2

basis to support his guilty plea. Finally, Petitioner admitted that he was in fact guilty of Counts Two, Three, and Five of the Indictment, that he entered his plea knowingly and voluntarily, and that he was satisfied with the services of his attorney. (3:06-cr-199, Doc. No. 31).

On November 19, 2007, Petitioner appeared with counsel before this Court for sentencing. Petitioner acknowledged that he appeared at the Rule 11 hearing and that he was sworn to tell the truth. Petitioner admitted that the answers he provided to the magistrate judge were true and that he signed the Plea Agreement. Petitioner further admitted that if the Court were to ask the same questions as posed by the magistrate judge that he would give the same answers as he provided during the Rule 11 hearing. Petitioner admitted that he read the presentence report ("PSR") and had reviewed it with his attorney. Finally, Petitioner admitted that he pled guilty to Counts Two, Three, and Five because he committed the crimes which were charged in those three counts. (3:06-cv-199, Doc. No. 62 at 2-4: Sentencing Transcript). The Court found that there was a factual basis for Petitioner's pleas of guilty based on Petitioner's representations during sentencing and based on the answers that Petitioner gave under oath during the Rule 11 hearing and the stipulation by the Government and Respondent that there was a factual basis for Respondent's guilty pleas as set forth in the PSR. Id. at 3. The Court further found based on Petitioner's representations during the sentencing hearing, the plea was knowingly and voluntarily entered into, and that Petitioner understood the charges, and the potential penalties and consequences of his guilty plea. Id.

Following Respondent's presentation of the case and after hearing from Petitioner's counsel, Petitioner addressed the Court and stated "First and foremost, I want to say I apologize to the victim. I'm sorry. I know what I done was wrong. . . There's no excuses for what I done . . I take full responsibility for my actions. . . .Regardless of what happens in the situation here, I'm

3

truly sorry for what I done." Id. at 33-34.

Petitioner was sentenced to concurrent terms of 105 months on Counts Two and Five, and the mandatory minimum 120-month consecutive sentence for his conviction on Count Three. Petitioner was informed of his right to appeal following sentencing, but no direct appeal was ever filed from the judgment or sentence.

On December 3, 2008, Petitioner filed this timely Motion to Vacate. (3:08-cv-553, Doc. No. 1). On October 14, 2010, the Court entered an Order and Notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the requirements of Federal Rule of Civil Procedure 56(e)(2) and of his obligation to respond to Respondent's Motion for Summary Judgment; however, Petitioner failed to file a response. (Doc. No. 10). Instead of filing his response, Petitioner filed motions for extension of time to respond to Respondent's Motion for Summary Judgment and for production of transcripts of the Rule 11 hearing and sentencing hearing. These motions were denied by Order entered on December 15, 2011. (Doc. No. 16). The Order provided that Petitioner must file a response to Respondent's Motion for Summary Judgment within twenty days (20) of the entry of the Order; however, no response has been filed. Id. at 4.

In Petitioner's Motion, he contends that he received ineffective assistance of counsel under the Sixth Amendment to the United States Constitution and that, consequently, his conviction on Counts Two, Three, and Five should be vacated and he explains that he did not appeal his conviction because he "did not realize that defense counsel had been ineffective." (Doc. No. 1 at 5). In his Memorandum filed in support of his Motion to Vacate, (Doc. No. 3), Petitioner raises two issues. First, Petitioner contends that his trial counsel was ineffective during the negotiation of the plea agreement. Id. at 13. Second, Petitioner contends his counsel was

4

ineffective in recommending that Petitioner accept the plea agreement because Respondent did not have the evidence to prove the elements of Count Two, Three, and Five of the Indictment to which he pled guilty. Id. at 21-22.

## II. STANDARD OF REVIEW

A. Summary Judgment

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . " in order to determine whether a petitioner is entitled to any relief. If a petitioner's motion is not dismissed after this initial review, the Court must direct the government to respond. Id. The Court must then review the government's answer and motion for summary judgment and material submitted by the parties to determine whether an evidentiary hearing is warranted under Rule 8(a). After having considered the record in this matter, and after noting that Petitioner failed to respond to Respondent's Answer and Motion for Summary Judgment, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

Summary judgment is appropriate in cases where there is no genuine dispute as to a material fact and it appears that the moving party is entitled to judgment as a matter of law. United States v. Lee, 943 F.2d 366, 368 (4th Cir. 1991) (applying summary judgment to motion to vacate). Any permissible inferences which are drawn from the underlying facts must be viewed in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986). However, when the record taken as a whole could not lead a trier of fact to find for the non-moving party, granting summary judgment is appropriate. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).

B.   Ineffective Assistance of Counsel

In order to establish a claim for ineffective assistance of counsel, Petitioner must show that counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced by constitutionally deficient representation. Strickland v. Washington, 466 U.S. 687-91 (1984). In measuring counsel's performance, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id.. at 689; see also Fields v. Attorney Gen. of State of Md., 956 F.2d 1290, 1297-99 (4th Cir. 1992).

To demonstrate prejudice, Petitioner must show a probability that the alleged errors worked to his "actual and substantial disadvantage, infecting his trial with errors of constitutional dimensions." Murray v. Carrier, 477 U.S. 478, 494 (1986) (quoting United States v. Frady, 456 U.S. 142, 170 (1982)). Under these circumstances, Petitioner "bears the burden of proving Strickland prejudice." Fields, 956 F.2d at 1297 (citing Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983) ). If Petitioner fails to meet this burden, a "reviewing court need not consider the performance prong." Id. at 1290 (citing Strickland, 466 U.S. at 697).

Moreover, in considering the prejudice prong of the analysis, the Court must not grant relief solely because Petitioner can show that, but for counsel's performance, the outcome of the proceeding would have been different. Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998). The Court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Id.

C.   Guilty Plea

In order to challenge his guilty pleas, Petitioner must show that but for counsel's errors, a reasonable defendant in his position would have insisted on going to trial. Burket v. Angelone, 208 F.3d 172, 190 (4th Cir. 2000) (citing Hill v. Lockhart, 474 U.S. 52, 59 (1985)). "[T]he guilty

plea and the often concomitant plea bargain are important components of this country's criminal justice system. Properly administered, they can benefit all concerned." United States v. Lemaster, 403 F.3d 216, 219-20 (4th Cir. 2005) (quoting Blackledge v. Allison, 431 U.S. 63, 71 (1977) ). "The advantages of plea bargains 'can be secured, however, only if dispositions by guilty plea are accorded a great measure of finality.'" Id. A defendant's sworn statements given in open court during a Rule 11 hearing carry a strong presumption of truth. Blackledge, 431 U.S. at 74. A plea agreement which a defendant avers was freely and voluntarily entered into poses "a formidable barrier in any subsequent collateral proceeding." Id. "To adopt a more lenient approach and 'allow indiscriminate hearings in federal post-conviction proceedings . . . would eliminate the chief virtues of the plea system--speed, economy, and finality.'" United States v. White, 366 F.3d 291, 295-96 (4th Cir. 2004) (citing Blackledge, at 71).

### III. DISCUSSION

A. Grounds for Relief

1. Ineffective Assistance of Counsel in Plea Agreement Negotiation

Petitioner claims that his trial counsel "did not protect [his] freedom and liberty interest . . . and counsel did not protect the constitutional rights of this petitioner by vigorously objecting to the government's plea proffer." (3:08-cv-553, Doc. No. 4 at 13). Specifically, Petitioner contends that his trial counsel was ineffective during the course of the negotiation of the plea agreement because (1) counsel failed to advise him that the Respondent carried the burden of proving each element of the Counts charged against him; (2) that the plea agreement was more beneficial to Respondent than to Petitioner because Respondent would not have been able to prove each element of Counts Two, Three, and Five; (3) counsel failed to challenge Respondent's plea offer because he did not request that Respondent demonstrate it had sufficient

7

evidence to prove each element of Counts Two, Three, and Five; and (4) counsel failed to advise Petitioner of the true consequences of entering into the plea agreement and, therefore, Petitioner's plea was not knowingly, willingly, and intelligently entered into, and consequently Petitioner contends that he would have refused to enter into the plea agreement and would have demanded a jury trial.

Petitioner's arguments are without merit. During the Rule 11 hearing, Petitioner was sworn and provided answers to detailed questions posed by the magistrate judge which contradict each of Petitioner's current assertions. (3:06-cr-199, Doc. No. 31). For example, during the Rule 11 hearing, Petitioner stated that he had received a copy of the Indictment and reviewed its contents with his attorney; that he fully understood the charges against him; that he fully understood the minimum and maximum penalties he faced if convicted; that he understood that he could plead not guilty and he had the right to trial by judge or jury; that Respondent had the burden of proving his guilt beyond a reasonable doubt; that by entering the plea of guilty he would waive his right to a trial; that he had entered into a Plea Agreement with Respondent and that he understood and agreed with the terms of the Plea Agreement; that he had been provided enough time to discuss any possible defenses to the charges pending against him; and that he was satisfied with the services of his attorney. Id.

During Petitioner's sentencing hearing he confirmed to the Court that he would answer each and every question which the magistrate judge asked him during the Rule 11 hearing the same way if the Court were to ask those questions of Petitioner before being sentenced. (Doc. No. 62 at 2-4: Sentencing Transcript). Additionally, a review of the FTR recording of the Rule 11 hearing leaves no doubt that the magistrate judge reviewed each element of Counts Two, Three, and Five with Petitioner and thereafter Petitioner stated that he understood the charges

and possible penalties he faced if convicted.

Petitioner has failed to carry his burden under Strickland to show prejudice, and therefore this claim will be dismissed.

2. The Government's Evidence

Petitioner next argues that his trial counsel provided constitutionally deficient representation because his counsel never determined whether Respondent could actually produce evidence to prove the elements necessary to obtain convictions on Counts Two, Three, and Five. (3:08-cv-553, Doc. No. 3 at 17-18). Petitioner contends that "[b]efore accepting a plea agreement, defense counsel never explained to [Petitioner], that the [Respondent] would have to provide and to present evidence and testimony that he violated interstate commerce pursuant to the Hobbs Act - - - - [Respondent] could not make this proof at a jury trial yet counsel never explained this element to [Petitioner], in order that [Petitioner], make an intelligent plea pursuant to all of the facts necessary for [Respondent] to gain and to win a conviction" in a jury trial. Id. at 19. This argument is without merit.

As is evident from a review of the sentencing transcript, the undersigned questioned Petitioner about his appearance before the magistrate judge for his Rule 11 hearing. (3:06-cr-199, Doc. No. 62 at 2-4). Petitioner confirmed that he understood the questions posed by the magistrate judge and that he provided truthful answers to the magistrate judge's questions. Moreover, Petitioner stated during his sentencing hearing that he would provide the same answers if those questions were asked of Petitioner at his sentencing hearing as Petitioner provided under oath during his Rule 11 hearing.

Finally, although Petitioner was informed that he must file a response or offer evidence to challenge Respondent's Motion for Summary Judgment by Order filed October 14, 2010, and

9

by Order filed December 15, 2010, Petitioner has failed to do so. (3:08-cv-553, Doc. Nos. 10, 16). Thus, Petitioner has offered no evidence which could reasonably contradict the record evidence in this case; which includes his sworn statements during the Rule 11 hearing, his signature on the Plea Agreement and his representations to the Court during his sentencing hearing.

Respondent does offer evidence by way of an Affidavit from Petitioner's trial counsel, James S. Weidner, Jr., which is attached to Respondent's Answer. (3:08-cv-553, Doc. No. 7-1). Mr. Widener avers "[w]e discussed his case in detail, discussed all information; the facts of the case, the law involved, the plea agreement and the consequences of accepting the plea agreement." Id.

The Court finds that Respondent has offered evidence which clearly supports the record evidence provided in 03:06-cr-199 and 03:06-cr-553. The Court finds that Petitioner understood the charges against him, that Petitioner understood Respondent had the burden of proving each element of Counts Two, Three, and Five of the Indictment beyond a reasonable doubt, and that Petitioner entered into the Plea Agreement knowingly, voluntarily, and intelligently. The evidence of record is clear and Petitioner has failed to produce sufficient evidence to survive Respondent's Motion for Summary Judgment. Petitioner's second claim will therefore be denied and dismissed.

## IV. CONCLUSION

After reviewing the entire record in the light most favorable to Petitioner, the Court finds no genuine issues of material fact such that a rational trier of fact could find that Petitioner is entitled to any of the relief he seeks through his Motion.

**IT IS, THEREFORE ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, (Doc. No. 1), is **DENIED** and **DISMISSED;**

2. Respondent's Motion for Summary Judgment, (Doc. No. 8), is **GRANTED**;

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that dispositive procedural is debatable, and that petition states a debatable claim of the denial of a constitutional right).

The Clerk is directed to send a copy of this Order to Raymond D. Jones, Reg. No. 20956-058, USP Lewisburg, U.S. Penitentiary, P.O. Box 1000, Lewisburg, PA 17837.

Signed: March 12, 2012

Robert J. Conrad, Jr.
Chief United States District Judge